**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID L. BAYNES,** | : | |
| **Plaintiff** | : | **CIV. ACTION NO. 3:26-CV-2429** |
| **v.** | : | **(JUDGE MANNION)** |
| **C.O. BLAKE, *et al.*,** | : | |
| **Defendants** | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. §1983. For the reasons set forth below, the complaint will be dismissed without prejudice as untimely, and plaintiff will be granted leave to file an amended complaint to assert any arguments for equitable tolling or any other basis on which the complaint could be deemed timely.

## I. BACKGROUND

Plaintiff, David L. Baynes, brings the instant case pursuant to 42 U.S.C. §1983, alleging that correctional officers at SCI-Benner Township failed to protect him from an assault by his cellmate on April 16, 2023, and that medical staff at the prison failed to give him adequate medical care following

the incident.[1] (Doc. 1). Baynes filed a grievance about the incident on May 4, 2023, and after appealing the grievance through all stages of administrative review, he received a final denial from the Pennsylvania Department of Corrections' Secretary's Office of Inmate Grievances and Appeals ("SOIGA") on January 5, 2024. (Doc. 1-1). Baynes filed the instant case on August 18, 2026, and the court received and docketed his complaint on August 25, 2026. (Doc. 1).

## II. Discussion

This court must review a complaint when "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. *Id.* §1915A(b)(1). The court has a similar screening obligation regarding actions filed by prisoners proceeding *in forma pauperis*. *Id.* §1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted.").

In screening legal claims under Sections 1915A(b) and 1915(e)(2)(B), the court applies the standard governing motions to dismiss filed pursuant to

---

[1] Given that the complaint plainly displays a timeliness issue, the court only briefly summarizes plaintiff's factual allegations in the interest of judicial economy.

Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.*, *Coward v. City of Philadelphia*, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021)

To avoid dismissal under Rule 12(b)(6), a plaintiff must set out "sufficient factual matter" to show that his claim is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679.

When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. *Id.* However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a district court's screening under Section 1915A and 1915(e)(2). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Courts must liberally construe complaints brought by *pro se* litigants. *Sause v. Bauer*, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Civil rights complaints brought by inmates in Pennsylvania are governed by Pennsylvania's two-year statute of limitations for personal injury actions. *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). The limitations period begins to run on the date that the plaintiff knew, or should have known, of the injury upon which the claim is based. *Id.* (citing *Sameric Corp. of Del. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998)). A district court may dismiss a complaint as untimely pursuant to a screening review under 28 U.S.C. § 1915(e)(2) or 28 U.S.C. § 1915A if the untimeliness is clear from the face of the complaint. *McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010); *see also McGoveran v. Amazon Web Servs., Inc.*, 175 F.4th 439–40, (3d Cir. 2026) (noting that complaints may be dismissed at pleading stage on the basis of an affirmative defense if the affirmative defense is plain from the face of the complaint).

Equitable tolling for Section 1983 actions is governed by state law. *Pearson v. Sec'y Dept. of Corrs.*, 775 F.3d 598, 602 (3d Cir. 2015). Pennsylvania law allows a statute of limitations to be equitably tolled "when a party, through no fault of its own, is unable to assert its right in a timely manner." *Nicole B. v. Sch. Dist. of Phila.*, 237 A.3d 986, 995 (Pa. 2020)

(citing *DaimlerChrysler Corp. v. Commonwealth*, 885 A.2d 117, 119 n.5 (Pa. Commw. Ct. 2005)). Plaintiffs bear the burden of proof to show that the limitations period should be tolled under Pennsylvania law. *Swietlovich v. Bucks County*, 610 F.2d 1157, 1162 (3d Cir. 1979). A plaintiff must demonstrate that he was diligent in pursuing his claim to benefit from equitable tolling. *Robinson v. Dalton*, 107 F.3d 1018, 1023 (3d Cir. 1997). In a prisoner civil rights case, the statute of limitations is tolled while the plaintiff attempts to exhaust administrative remedies. *Pearson*, 775 F.3d at 603–04.

In this case, it is plain from the face of Baynes's complaint that his claims are untimely. He alleges that the defendants failed to protect him from an assault on April 16, 2023, and failed to provide adequate medical care after the assault. (Doc. 1). The statute of limitations for his claims was tolled until January 5, 2024, when his administrative remedy process concluded, but even with that tolling, he needed to file his complaint no later than January 5, 2026, for it to be timely. He did not file the complaint until August

18, 2026,[2] approximately seven months after that date, and he has not presented any arguments for equitable tolling of the limitations period. The court will accordingly dismiss the complaint without prejudice to Baynes presenting arguments for equitable tolling in an amended complaint.

[2] The complaint is deemed filed on August 18, 2026, pursuant to the prisoner mailbox rule because that appears to be the date that Baynes submitted the document to prison officials for mailing. *See Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011) (noting that under prisoner mailbox rule document is deemed filed on the date prisoner submits it to prison officials for mailing). Although the complaint is dated April 30, 2026, rather than August 18, 2026, (*see* Doc. 1 at 16), this appears to be because the complaint was copied from the complaint filed in an earlier attempt by plaintiff to file this case that was dismissed without prejudice after plaintiff failed to pay the filing fee or move for leave to proceed *in forma pauperis*. *See Baynes v. Blake*, No. 3:26-CV-1331, Doc. 1 (M.D. Pa. May 15, 2026). Plaintiff confirms this in his motion for leave to proceed *in forma pauperis* in the instant case. (*See* Doc. 2 at 4 ("Please accept this civil filing and attached documents for review. I realize that I had previously sent these documents to the Honorable Court for review but failed to complete the 'in forma pauperis' in its entirety.")). The court thus treats the date that the motion for leave to proceed *in forma pauperis* is signed—August 18, 2026—as the operative date on which the complaint was filed pursuant to the prisoner mailbox rule. In any event, even if the complaint were deemed filed on April 30, 2026, it would still be untimely.

## III. CONCLUSION

For the foregoing reasons, the court will dismiss Baynes's complaint without prejudice as untimely and grant plaintiff leave to file an amended complaint. An appropriate order shall issue.

**Malachy E. Mannion**
**United States District Judge**

**Dated:** 8/28/26
26-2429-01